STATE OF TENNESSEE

# Office of the Attorney General

**Jonathan Skrmetti**
**Attorney General and Reporter**

P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-3491
Facsimile: (615) 741-2009

September 16, 2026

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, Ohio 45202-3988

**Re:** ***Gannett Co. v. Long*, No. 26-5182**

Dear Ms. Stephens,

The Plaintiff-Appellant Media Companies have offered this Court's recent decision in *NetChoice, LLC v. Skrmetti*, --- F.4th ----, 2026 WL 2546423 (6th Cir. 2026), as supplemental authority supporting reversal. *NetChoice* addresses an "imminen[ce]" issue that meaningfully differs from the one presented here. *Id.* at *1.

In *NetChoice*, the issue was whether Attorney General Jonathan Skrmetti *intended* any imminent *use* of his enforcement authority. *See id.* at *8. He had already "affirmatively taken the position that NetChoice's members 'ha[d] *not* come into compliance with'" the challenged law. *Id.* at *9 (quoting the record). He nonetheless argued he lacked intent to bring any imminent enforcement action. So the question was whether violations of the law would go unprosecuted in the short term. *See id.* at *9–12 (addressing *McKay v. Federspiel*, 823 F.3d 862 (6th Cir. 2016)).

Here, the State Officers intend to prosecute violations of the Bystander Interference Act as they arise. But unlike the Media Companies, the State Officers do not think the Act grants them "standardless discretion" to issue unreasonable step-back orders. Open. 1; *see* Resp. 29–36; *see also id.* at 35, 41, 47, 49 (addressing the Fourth Amendment). Instead, they read the Act to establish a bright-line test for obstruction of justice. *See* Resp. 1–2, 4–6. So the question here is whether *grounds* for enforcement are imminent, which depends on this Court's interpretation of the law. *See id.* at 23–26.

Moreover, even if *NetChoice* undermined the district court's bases for denying preliminary relief, the Media Companies themselves characterize the State Officers' arguments as "bear[ing] no

resemblance to those offered by the District Court." Reply 1. Of course, this Court "can affirm 'on any grounds supported by the record,'" including grounds "'different from those relied on'" below. *Charlton-Perkins v. Univ. of Cincinnati*, 185 F.4th 626, 632 (6th Cir. 2026) (quoting *Brown v. Tidwell*, 169 F.3d 330, 332 (6th Cir. 1999) (per curiam)). So nothing in *NetChoice* prevents this Court from affirming the result reached by the district court in this case.

Respectfully submitted,

*/s/ Gabriel Krimm*
Gabriel Krimm

cc: Counsel of Record (via ECF)