**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY**

FREDDIE O'CONNELL
MAYOR

TYLER CHANCE YARBRO
DIRECTOR OF LAW

DEPARTMENT OF LAW
METROPOLITAN COURTHOUSE, SUITE 108
P.O. BOX 196300
NASHVILLE, TENNESSEE 37219-6300
(615) 862-6341

September 18, 2026

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, Ohio 45202-3988

Re: Response to Fed. R. App. P. 28(j) Notice of Supplemental Authority
*Gannett Co. v. Long*, No. 26-5182

Dear Ms. Stephens,

Appellee Chief Drake submits this response to Appellants' Rule 28(j) letter regarding *NetChoice, LLC v. Skrmetti*, No. 25-5660, 2026 WL 2546423 (6th Cir. Aug. 28, 2026). The decision does not assist Appellants, as it turned on affirmative enforcement signals wholly absent here.

In *NetChoice*, the Attorney General repeatedly took positions demonstrating a live enforcement threat: he stated the plaintiffs "have *not* come into compliance with Tennessee's law," declined to "stay enforcement" pending litigation, and—despite limited assurances during the TRO period—never submitted an affidavit disavowing enforcement. *Id.* at *10 (emphasis in original). The Sixth Circuit held that "the logical reading of the record and Skrmetti's somewhat evasive position is that he has refused to disavow enforcement," and relied on "commonsense inferences" of impending enforcement. *Id.*

Nothing similar exists here. Chief Drake has done exactly what *NetChoice* indicated would defeat a credible threat: MNPD submitted a declaration stating that officers are to "refrain from enforcing the statute while this litigation is pending." (Gilder Decl. ¶ 5, R.33-1, PageID # 322.) MNPD has not issued warnings, suggested Appellants are "not in compliance," or adopted the calculated ambiguity that animated *NetChoice*.

Nor is Chief Drake's disavowal "evasive." Chief Drake did not suggest that MNPD would continue issuing orders under other statutory authority, as Appellants incorrectly contended in their reply brief. (Appellants' Reply Br. at 8-11.) Chief Drake simply acknowledged what Appellants' own reporters described: that receiving crowd-management

directions at crime scenes and public-safety situations is a long-standing, routine aspect of newsgathering. (*See, e.g.,* Cordan Decl. ¶ 7, R.19-2, PageID#104.) Branding MNPD's clear disavowal of enforcement as "evasive" due to Appellants' own description of routine crowd control measures mischaracterizes Chief Drake's actual position.

Even after *NetChoice*, Appellants must identify an enforcement threat traceable to MNPD. Because they have not done so, their claims against Chief Drake remain non-justiciable.

Sincerely,

*/s/ Peter G. Vizcarrondo*

PETER G. VIZCARRONDO
SENIOR COUNSEL

cc: All Counsel of Record (via ECF)