NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0448n.06

No. 26-5182

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 10, 2026
KELLY L. STEPHENS, Clerk

GANNETT COMPANY, INC., et al.

Plaintiffs-Appellants,

v.

JEFF LONG, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, et al.

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

OPINION

Before: KETHLEDGE, Chief Judge; COLE and MATHIS, Circuit Judges.

KETHLEDGE, Chief Judge. Plaintiffs (various organizations that gather news in Tennessee) appeal the district court's denial of a preliminary injunction to restrain defendants (state and local officials in Tennessee) from enforcing Tennessee's police buffer-zone statute against them. The district court denied the plaintiffs' motion because, it held, they had not shown irreparable harm. We vacate that decision and remand for the district court to develop at least a preliminary factual record as to the plaintiffs' likelihood of success on the merits and the other factors germane to injunctive relief.

I.

In May 2025, Tennessee enacted a police buffer-zone law that makes it a misdemeanor to approach within 25 feet of a law enforcement officer who is "lawfully engaged" in a "lawful traffic stop," an "active investigation of the scene of an alleged crime," or a response to an "ongoing and

immediate threat to public safety[,]" if that officer has "ordered the person to stop approaching or to retreat." Tenn. Code Ann. § 39-16-612. Penalties for violating the statute include up to six months' imprisonment and a $500 fine. *Id.* § 40-35-111(e)(2). The statute took effect in July 2025. 2024 Tenn. Pub. Acts, ch. 409.

That same month, plaintiff news organizations (which gather and report news in Tennessee) filed suit under 42 U.S.C. § 1983 in the Middle District of Tennessee against defendants Jeff Long (Commissioner of the Tennessee Department of Safety and Homeland Security), Glenn Funk (District Attorney General for Nashville and Davidson County), and John Drake (Chief of the Metropolitan Nashville Police Department). The plaintiffs claimed that the buffer-zone law is void for vagueness under the Due Process Clause and that the statute violates the First Amendment both on its face and as applied to their newsgathering. They also moved for a preliminary injunction restraining the defendants from enforcing the statute against them. In support, the plaintiffs pointed to deposition testimony from several of their reporters, who testified in part as follows: that their work regularly brings them within 25 feet of law enforcement officers in the three types of circumstances described by § 39-16-612; that officers often order them to move away; and that their responses to those orders include backing up a few feet, going elsewhere, or—if they think an order was unjustified—staying put. The reporters further testified that a requirement that they retreat 25 feet would force them to decide between defiance of an officer's direct order—backed by a threat of criminal penalties—on the one hand, and an inability to gather news, on the other.

Six months later, in February 2026, the district court denied the plaintiffs' motion, reasoning the plaintiffs had not shown any particular situation where the law had "impacted a reporter or anyone." R.44, PageID 412 ¶¶6–15. This appeal followed.

II.

A.

The defendants argue that the plaintiffs lack standing to challenge Tennessee's buffer-zone statute. The district court did not decide that issue expressly (though the parties argued it). But standing is a "threshold inquiry" that we must "consider prior to asserting jurisdiction over an appeal." *Williams v. City of Cleveland*, 907 F.3d 924, 933 (6th Cir. 2018) (citation modified).

The plaintiffs challenge the buffer-zone statute in advance of any enforcement action against them. Thus, to establish standing, they must show that they intend to engage in conduct that is "arguably affected with a constitutional interest," that the statute arguably proscribes that conduct, and that the plaintiffs face a "credible threat of prosecution[.]" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). A credible threat exists when "there is a substantial risk that the harm will occur." *Id.* at 158.

Here, the plaintiffs' newsgathering is at least arguably protected by the First Amendment. *See Branzburg v. Hayes*, 408 U.S. 665, 681 (1972). Moreover, the statute arguably proscribes (or at least circumscribes) that activity, in certain prescribed circumstances, by requiring reporters to stay at least 25 feet away from a police officer when ordered to do so. *See* Tenn. Code Ann. § 39-16-612. And the parties agree that police officers routinely order people—including reporters—to step back or get out of the way. Indeed, the plaintiffs' reporters have testified that they often receive such orders; and none of the defendants has disavowed any intent to continue ordering reporters to retreat. (Drake has said his department will avoid making arrests under the buffer-zone law for now, but not that the department will stop issuing orders to retreat.) Thus, the plaintiffs have presented evidence that their reporters routinely face a choice between defying a direct order of a police officer—with an attendant threat of criminal punishment for the reporters

and their employers alike, *see id.* § 39-11-404—or ceasing activity protected by the First Amendment. That is enough at this stage of the litigation to establish standing; and suffice it to say that none of the defendants have offered a substantial argument to the contrary.

B.

We review the district court's decision to deny injunctive relief for an abuse of discretion. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). "Courts consider four factors in deciding whether to grant a preliminary injunction: whether the movant is likely to succeed on the merits of its claim; whether the movant is likely to suffer irreparable harm absent an injunction; the balance of equities; and the public interest." *Cath. Healthcare Int'l, Inc. v. Genoa Charter Twp.*, 82 F.4th 442, 447 (6th Cir. 2023). The first factor is "the most important one in First Amendment cases." *Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 158 F.4th 732, 741 (6th Cir. 2025) (en banc).

Here, the district court did not address that factor; and as a result, in our view, the court's assessment of irreparable harm was premature. *See Speech First, Inc. v. Schlissel*, 939 F.3d 756, 771 (6th Cir. 2019). The merits questions presented by the plaintiffs' claims are, to a significant extent, factbound. As for the plaintiffs' vagueness claim, the statute's reach is limited to three kinds of circumstances: traffic stops, an active investigation of a crime scene, or an officer's response to an "ongoing and immediate threat to public safety." Tenn. Code Ann. § 39-16-612. Whether those circumstances are specific and concrete enough to confine officer discretion within applicable limits, for a statute affording them coercive authority in the field, is arguably a factual question as much as a legal one. The same is true as to whether the challenged law burdens "substantially more speech than necessary" to further the government interest asserted in support of the law—which is a question pivotal to the plaintiffs' facial First Amendment claim. *See*

*KenAmerican Res., Inc. v. U.S. Sec'y of Labor*, 33 F.4th 884, 893 (6th Cir. 2022). The district court must create an adequate factual record on these and any other relevant issues for that court or ours to apply the applicable standard for injunctive relief.

The district court's February 18, 2026, order denying the plaintiffs' motion for a preliminary injunction is vacated, and the case is remanded for proceedings consistent with this opinion.